In The

United States District Court For Middle district Of Pennsylvania

Harvey Patricl Short,ME6628

SCI-Rockview

1 Rockview Place

Box A                                                                                         Civil Action No. 1:20-CV-118

Bellefonte,PA 16823,

   Plaintiff

  Versus

Leo Dunn,Chairman

Nichael Willis,Director

John J. Talaber,Boaerd Secretary

Pennsylvania Board Of Probation And Parole(PBPP)

Commonwealth of Pennsylvania

1101 S. Front Street,Suite 5100

Harrisburg,PA 17104,

   Defendants

FILED
HARRISBURG PA

FEB 18 2020

Per _____
Deputy Clerk

**Amended Complaint**

**I. Jurisdiction And Venue**

 **1. This Honorable Court has subject-matter jurisdiction under Title 42 U.S.C Section 1983 to redress deprivations under the color of state law of rights secured by the U.S Constititution. It also has jurisdiction under Title 42 U.S.C Section 12101-12213 under the Americans With disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973 as set out in Title 29 U.S.C Section 794(a).**

 **2. This Honorable Court has venue,because it is where the events giving rise to these claims occurred.**

**II.Plainitff**

 **3. The Plaintiff is and was at all times mentioned herein a parolee under the custody and control of**

1

the PBPP at the times that these causes of action arose.

### III. Defendants

4. The Defendants,Leo Dunn,Michael A. Willis,and John J. Talaber are and were at all times mentioned herein state officials working as employees for the PBPP and acting under the color of state law when these causes of action arose.

5. The PBPP and the Commonwealth of Pennsylvania are state entities and are sued under the ADA of 1990 and Section 504 of the Rehabiliatation Act of 1973.

6. The Plaintiff sues all Defendants in their individual and official capacities.

### IV. Facts

7. On October 20,2015,the Plaintiff was sentenced to 1 to 4 years in the Court of Common Pleas For Delaware County. It commenced 8/31/2015 and was suppose to expire 8/31/2019.

8. The Plaintiff is an African-American male. He has a long mental health history. He suffers from schizoaffective disorders,paranoia,suicidalness,and a seizure condition. He has substance abuse issues as well. He was declared physically and mentally disabled by the Social Security Administration and granted SSI benefits priot to his incarceration.

9. Due to the fact that the Plaintiff was dual diagnosed,the Defendants sent the Plaintiff to Gaudenzia,DRC which contracted with the Commonwealth of Pennsylvania and the PBPP to house parolees with dual diagnosis conditions.

10. Everytime that the Plaintiff was paroled or reparoled,the Defendants sent the Plaintiff to Gaudenzia,DRC due to his mental and physical disabilities and substance abuse issues.

11. Everytime that the Plaintiff was paroled or reparoled to Gaudenzia,DRC,he absconded,because he believed that his life or safety were in danger by Gaudenzia,DRC's staff and other residents.

12. On October 23,2017, the Plaintiff absconded,and he was recommitted to PA DOC for 6 months and his maximum release date was extended to 9/8/2019.

13. On May 8,2018,the Plaintiff absconded,and he was recommitted to PA DOC for 6 to 9 months and his maximum release date was extended to 11/17/19.

14. On January 22,2019, the Plaintiff absconded,and he was recommitted to PA DOC for 9 months and 26 days and his maximum release date was extended to 3/14/20.

15. The Plaintiff timely filed administrative remedies appeals from the PBPP's actions in paragraphs #12,#13,and #14 under Title 37 Pa Code 73.1,but the Defendants refused or failed to render any decision on the administrative remedies appeals filed against their actions in paragraphs # 12 and #13 which prevented or interfered with the Plaintiff's right to seek further review in the

Commonwealth Court of Pennsylvania, the Supreme Court of Pennsylvania, and the U.S. District Court on federal habeas corpus.

Case 1:20-cv-00118-SHR-EB Document 7 Filed 02/18/20 Page 3 of 6

16. That the administrative appeals filed against the PBPP's actions in paragraphs #12 and #13 had merit, the Defendants interfered with or obstructed the Plaintiff's rights under due process of law to litigate them in a court of record;

17. That the Plaintiff wrote letters to the Defendants requesting that ther two(2) administrative appeals be decided to no avail. The Plaintiff simply reparoled after serving the first 6 months recommitment and the second 6 to 9 months recommitment without receiving a decision on these two(2) administrative appeals from the PBPP's actions in paragraphs #12 and #13.

18. Because the Plaintiff had mental and physical disabilities, the Defendants through their subordinates extended the Plaintiff's maximum release date without any reasons or explanations from October 2017 until September 2019.

19. Because the Plaintiff had a history of being housed at mental health facilities(Gaudenzia,DRC) and receiving mental health treatment, the Defendants always extended the Plaintiff's maximum release date when he absconded from October 2017 until September 2019 to deny him programs,services,and activities in society.

20. Because the Plaintiff had mental and physical disabilities, the Defendants through their subordinates refused or failed to render decisions on the two(2) administrative remedies appeals that the Plaintiff filed from the PBPP's actions in paragraphs #12 and #13 to deny programs,services,and activities.

21. That parole violators who absconded who did not have mental or physical disabilities and who were not housed at Gaudenzia,DRC did not have their maximum release dates extended.

22. The PBPP and the Commonwealth of Pennsylvania had a policy,practice,or pattern of discriminating against parole violators with mental and physical disabilities who appealed their parole revocation decisions by not deciding their administrative appeals in order to prevent these parole violators from appealing to a court of record under Atricle V Section 9 of PA Constitution.

23. The Plaintiff states that individual Defendants had a policy,practice,or pattern of discriminating against the Plaintiff and other parolees based upon their mental and physical disabilities by extending their maximum release dates and refusing or failing to render decisions on administrative appeals filed by them from October 2017 until September 2019 to deny programs,services,and activites in violation of federal law.

24. That the individual Defendants through their subordinates have unjustly isolated and placed the Plaintiff in institutions to isolate him from society in total violation of the Americans with Disabilities Act of 1990 as a result of his mental and physical disabilities from October 2017 until September 2019 to deny him programs,services,and activities in society.

25. The Defendants planned to keep the Plaintiff isolated unjustly in an institution by revoking the Plaintiff's parole release and extending his maximum release date regularly from October 2017 until September 2019 to deny him programs,services,and activities in society.

26. The Plaintiff states that he had the right to appeal the PBPP's action in paragraphs #12 and #13 to a court of record under Article V Section 9 of PA's Constitution. See Pittman v. PBPP,2018.

27. That the Defendants denied,obstructed,or interfered with the Plaintiff's right to appeal to a court of record based upon the Plaintiff's mental and physical disabilities from October 2017 until September 2019 to deny the Plaintiff programs,services,and activities.

28. That each time the Plaintiff was charged with violating his parole for mere technical violations as set out in

paragraphs #12 and #13 the Defendants violated Title 61 Pa C.S Section 6138 by confining the Plaintiff in PA DOC to await a preliminary hearing and final revocation hearing for mere technical parole violations instead of confining him at a Community Correctional Center or Community Correctional Facility as required by state law.

29) That the defendants did not provide the Plaintiff with a notice and hearing before he was confined in PA DOC to await a preliminary hearing and final revocation hearing for mere technical parole violations.

30) That the Plaintiff had a liberty interest in being confined at a CCC or CCF for mere technical parole violations while awaiting for the preliminary hearing and final revocation hearing under Title 61 Pa C.S Section 6138.

31) That by the Defendants confining the Plaintiff in PA DOC to await the preliminary hearing and final revocation hearing for mere technical parole violations, the PBPP was more inclined to revoke the Plaintiff's parole and keep him in PA DOC as opposed to if the Plaintiff was confined in a CCC or CCF to waiting the proceeding for the mere technical parole violations.

## V. Legal Claims

32) The Plaintiff realleges and incorporates by reference paragraphs #1 through #23 with regard to the following legal claims set forth herein.

33) The Plaintiff states that each Defendant violated his right under the 14th Amendment of the United States Constitution to due process of law based upon the facts in paragrapghs #1 through 23.

34) The plaintiff states that the defendants violated his 14th Amendment United States Constitutional Right to equal protection of law based upon the facts in paragraphs #1 through #23.

35) The Plaintiff states that each Defendant violated his rights under the Americans with Disabilities Act of 1990 based upon the facts in paragraphs #1 through 23.

36) The Plaintiff states that the Defendants violated his 1st Amendement United States Constitutional Right to access to the courts based upon the facts in paragraphs #1 through 23.

37) The Plaintiff states that the Defendants violated his right to appeal to a court of record under Article V Section 9 of Pennsylvania's Constitution based upon the facts in paragraphs #1 through 23.

38) The Plaintiff states that the Defendants violated Section 504 of the Rehabilitation Act of 1973 based upon the facts in paragraphs #1 through 23.

39) As a direct and proximate result of the Defendants' actions and inactions and the actions and inactions of their subordinates,the plaintiff suffered violations of his U.S Constitutional Rights,Rights under the ADA of 1990,Rights under Section 504 of the Rehabilitation Act of 1973, Rights under state law,Loss of Freedom,Mental Distress,Loss of Enjoyment of Life,ect.

## VI. Prayer For Relief

Wherefore, the plaintiff prays for a trial by jury and that a judgment be entered against the Defendants as follows:

A. An injunction to stop the discrimination in violation of the ADA of 1990;

B. Declaratory judgment to declare the Plaintiff's rights and the Defendants' duties and obligations to the Plaintiff.

C. Compensatory damages in the amount of $300,000 against each Defendant.

D. Punitive damages in the amount of $250,000 against each Defendant.

E. Nominal damages against each Defendant.

F. Legal costs.

G. Any additional relief that this Court may demm just, proper, and equitable.

Respectfully submitted,

*Harvey P. Short*

Harvey Patrick Short, ME6628

SCI-Rockview

1 Rockview Place

Box A

Bellefonte, PA 16823

Verification

I hereby certify that the content of this Amended Complaint is true and correct to the best of my knowledge, information, and belief. I respectfully submit this amended complaint subjected to the penalties for false swearing or falsification of unsworn documents as set forth under Title 18 Pa C.S Section 4904.

*Harvey P. Short*

Harvey Patrick Short, ME6628

Certificate of Service

I hereby certify that a copy of this Amended Complaint was mailed to Jonathan Blake, Deputy Attorney Genral, Office of the Attorney Genral, Litigation Section, 15th Floor, Strawberry Square, Harrisburg, PA 17120 on this 16th day of February 2020.

*Harvey P. Short*

Harvey Patrick Short, ME6628

-5-

Harvey Patrick Short, ME66?8
SCI- Rockview
1 Rockview Place
Box A
Bellefonte, PA 16823

INMATE MAIL
PA DEPT OF
CORRECTIONS

Clerk's Office
U.S District Court
For Middle District O[f]
228 Walnut Street
P.O Box 983
Harrisburg, PA 17[...]

RECEIVED
HARRISBURG PA
FEB 18 2020
PER _____
DEPUTY CLERK

1710830983 B011